UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DEVIN TREVENA<br>    Plaintiff,<br><br>vs.<br><br>RGS FINANCIAL<br>    Defendant, | Civil Action No.<br><br>1:13-cv-00359 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

*I. INTRODUCTION*

1. This is an action for actual and statutory damages brought by Plaintiff, Devin Trevena, an individual consumer, against Defendant, RGS Financial, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

*II. JURISDICTION*

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here and the plaintiff resides within the state of New Hampshire.

1

### III. PARTIES

3. Plaintiff, Devin Trevena, is a natural person with a residence in Windham, Rockingham County, New Hampshire 03087.

4. Upon information and belief, the Defendant, RGS Financial, is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 1700 Jay Ell Dr. #200, Richardson, Dallas County, Texas 75081. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another in this state.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Accordingly, Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV. FACTUAL ALLEGATIONS

6. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. On or about March 25, 2013, Defendant, in connection with the collection of the alleged debt, attempted to communicate by telephone with Plaintiff twenty (20) times in one day.

8. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contact Plaintiff by leaving a voicemail communication for Plaintiff in which the Defendant did not identify that the communication was from a debt collector.

9. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

10. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

11. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

12. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by communicating in such a manner as to harass Plaintiff.

## COUNT I – VIOLATIONS OF THE FDCPA

13. Plaintiff repeats, realleges, and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

14. As outlined herein, Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

(a) Defendant violated *§1692c(a)(1)* of the FDCPA by communicating at a time or place known or which should be known to be inconvenient to the Plaintiff; and

(b) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

(c) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly and/or continuously with the intent to annoy, abuse or harass any person at the called number; and

(d) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(e) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

(f) Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in a communication subsequent to the initial communication that was not a formal pleading that the communication was from a debt collector; and

(g) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

15. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

16. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Devin Trevena, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

### COUNT II- VIOLATION OF RSA 358-A &RSA 358-C

17. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

18. Defendant violated N.H. Rev. Stat. Ann. § 358-C, relating to Unfair, Deceptive or Unreasonable Collection Practices, and N.H. Rev. Stat. Ann. 358-A, relating to the Regulation of Business Practices for Consumer Protection. RGS Financial's violations of RSA 358-C and 358-A include, but are not limited to the following:

    (a) Defendant violated RSA 358-C:2 and RSA 358-A:2 by, "[C]ollecting or attempting to collect a debt in an unfair, deceptive, or unreasonable manner"; and

    (b) Defendant violated RSA 358-C:3(I)(a) and (c) and RSA 358-A:2 by calling Plaintiff in connection with the collection of the alleged debt repeatedly or continuously with the intent to harass any person at the called number.

19. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

20. As a result of the above violations of RSA 358-C and 358-A, Defendant is liable to plaintiff, Devin Trevena, for injunctive and declaratory relief and for actual damages, statutory damages, and attorney fees and costs.

### COUNT III – INVASION OF PRIVACY

21. Plaintiff repeats, realleges, and incorporates by reference each of the foregoing paragraphs as if fully set forth herein

22. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.
>
> 15 U.S.C. § 1692(a) (emphasis added).

23. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including companies that try to collect on debts owed to them and so on, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

24. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or **private concerns or affairs** of Plaintiffs, namely, by repeatedly and unlawfully attempting to collect, and/or inaccurately report, regarding a debt and thereby invaded Plaintiffs' privacy.

25. Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting, reporting, investigating, and reviewing this debt, thereby invading and intruding upon Plaintiff's right to privacy.

26. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns and affairs.

27. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection and other conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

28. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

29. As a result of such intrusions and invasions of privacy, Defendants are liable to Plaintiff for actual damages in an amount to be determined at trial from Defendants.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, RGS Financial, for the following:

A. Declaratory judgment that Defendant violated the FDCPA, and declaratory and injunctive relief for the violations of RSA 358-C and RSA 358-A.

B. Actual damages.

C. Statutory damages.

D. Costs and reasonable attorney fees.

E. For such other and further relief as the Court may deem just and proper.

## V.  DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Devin Trevena, demands trial by jury in this action.

RESPECTFULLY SUBMITTED,
Deven Trevena,

By her Attorney

_____
Anthony S. Augeri, Bar No. 15817
68 Main Street
Andover, MA  01810
(978) 409-2565
tony@augerilaw.com